U.S. DISTRICT CLIN
W.D.N.Y. BUFFALO

2005 JUN -7

-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JULIO CARABELLEA, 77-A-4889,

               Petitioner,

       -v-

GEORGE PATAKI, Governor of State of New York,
ROBERT DENNISON, Chairman for New York
State Division of Parole, and
GLENN GOORD, Commissioner for
New York State Department of Correctional Services,

               Respondents.

                                         DECISION AND ORDER
                                         05-CV-0326Sr

---

## INTRODUCTION

Plaintiff, Julio Carabella, an inmate of the Arthur Kill Correctional Facility, has filed this *pro se* action seeking relief under 42 U.S.C. § 1983 (Docket No. 1) and has both requested permission to proceed *in forma pauperis* and filed a signed Authorization (Docket No.).  Plaintiff claims that the defendants, George Pataki, Governor of New York State, Robert Dennison, Chairman of New York State Division of Parole, and Glenn Goord, Commissioner of New York State Department of Correctional Services, have violated his rights to due process and equal protection by unlawfully denying him parole release based only on the nature and seriousness of his offense and the conclusory finding that after more than 25 years of incarceration plaintiff continues to demonstrate a "propensity for extreme violence and depraved indifference for human life." He also claims that the Parole Board, under direction from the defendants, has ignored the mandated factors it is required to take into account when making parole determinations and has made parole

determinations based not on the factors set forth in New York's applicable parole statutes but on the race and socio-economic status of the plaintiff and other similarly situated prisoners.   Plaintiff's complaint does not ask for his immediate release and asks for declaratory and injunctive relief relating to, *inter alia*, how parole determinations should be made in the future, and monetary damages.   For the reasons discussed below, plaintiff's request to proceed as a poor person is granted and service by the U.S. Marshals is ordered as to defendants George Pataki, Robert Dennison and Glenn Goord.

## DISCUSSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to this action, plaintiff is granted permission to proceed *in forma pauperis*.   Sections 1915(e)(2)(B) and 1915A(a) of 28 U.S.C. require the Court to conduct an initial screening of this complaint.   In evaluating the complaint, the Court must accept as true all factual allegations and must draw all inferences in plaintiff's favor.   *See King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999).   Dismissal is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."   *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed.2d 80 (1957);  and see *Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983.   "To state a valid claim under 42 U.S.C. §§ 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States."

2

*Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d. Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir.1994)).

### Nature of Relief Sought: Habeas of § 1983

It is well settled that when a litigant makes a constitutional challenge to a determination which affects the overall length of his imprisonment, the "sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *see also Hall v. NYS Division of Parole*, No. 00-0053, 225 F.3d 645 (table), 2000 WL 1186256 at *2 (2d Cir. Aug. 21, 2000) (suit for declaratory and injunctive relief and damages, challenging constitutionality of parole guidelines dismissed; claims could only be brought as habeas petition); *Jenkins v. Daubert*, 179 F.3d 19, 23 (2d Cir.1999) ("[W]here the fact or duration of a prisoner's confinement is at issue, § 1983 is unavailable, and only [habeas relief under 28 U.S.C .] § 2254(b) with its exhaustion requirement may be employed."); *Romer v. Travis*, No. 00 CIV 8671 KMW AJP, 2001 WL 220115 (S.D.N.Y., Jan. 31, 2001) (Report and Recommendation) (plaintiff's action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights in connection with the decision of the New York State Division of Parole to deny him parole should have been brought as a petition for habeas corpus relief because plaintiff is essentially seeking to enjoin the Parole Board from denying him parole).

Moreover, an inmate cannot use a section 1983 action to recover damages where "establishing the basis for the damages claim necessarily demonstrates the invalidity of the conviction," *Heck v. Humphrey*, 512 U.S. 477(1994), and a § 1983 cannot lie "unless ... the conviction or sentence has already been invalidated" on direct appeal or by a habeas corpus petition. *Id.* at 487. The Supreme Court further held in

3

*Edwards v. Balisok*, 520 U.S. 641, 646 (1997), that habeas was the sole mechanism for an inmate's constitutional challenge to a prison disciplinary hearing which led to a revocation of the inmate's accrued good-time credits because the "principal procedural defect complained of," namely deceit and bias on the part of the disciplinary hearing officer, "would, if established, necessarily imply the invalidity of the deprivation [the inmate's] good-time credits."   Therefore, in *Edwards* the inmate's suit for declaratory relief and damages pursuant to 42 U.S.C. § 1983 arising out of alleged procedural due process violations during the disciplinary hearing was barred by the holding in *Heck*.   In so doing, the Court explained that even though the plaintiff did not seek the restoration of his good-time credits, "a ruling in his favor on his procedural claims would necessarily vitiate the administrative decision revoking his good-time credits." *Jenkins*, 179 F.3d at 25.

In *Wolff v. McDonnell*, 418 U.S. 539, 554 (1974), the Court held that prisoners could use a section 1983 action to obtain declaratory relief that the procedures utilized to revoke good time credits were unconstitutional because a victory for the prisoners would not necessarily have meant a release or a shorter period of confinement; the prisoners attacked only the "wrong procedures, not the wrong result (*i.e.*, [the denial of] good-time credits.)" *Heck*, 512 U.S. at 483 (discussing *Wolff*).

Just recently, the Supreme Court again had the opportunity to address the distinction between habeas cases and an action under section 1983 when it held that two Ohio prisoner's § 1983 actions for declaratory relief challenging Ohio's procedures used to deny parole eligibility and parole suitability were not barred because neither prisoner sought his "immediate or speedier release" and "a favorable judgment would

4

not " ' necessarily imply the invalidity of [their] conviction[s] or sentence[s]." *Wilkinson* v.

*Dotson*, - - - U.S. - - -, 125 S.Ct. 1242, 1249, 2005 WL 516415, at * 6 (March 7, 2005).

In summarizing the holdings of *Preiser, Heck, Edwards* and *Wolff*, the Court held these

cases taken together, "indicate that a state prisoner's § 1983 action is barred (absent

prior invalidation)--no matter the relief sought (damages or equitable relief), no matter

the target of the prisoner's suit (state conduct leading to conviction or internal prison

proceedings)--*if* success in that action would necessarily demonstrate the invalidity of

confinement or its duration." *Wilkinson, id.,* 125 S.Ct. at 1248, 2005 WL 516415, at *6

(emphasis in original).  However, where a favorable judgment would neither

"necessarily imply the invalidity of [plaintiff's] conviction or sentence," or " mean

immediate release from confinement or a shorter stay in prison" but rather only, at

most, a new parole eligibility review, an action under 1983 would not be barred under

*Preiser* and its progeny. *Wilkinson, id.,* 125 S.Ct. at 1248, 2005 WL 516415, at *5.

        In this matter, plaintiff is not expressly seeking his immediate release on parole

but rather, *inter alia*, an order directing the Parole Board to comply with New York

statutory law in relation to the what it must consider in determining whether to grant

parole.  Whether this relief is tantamount to either plaintiff seeking his "immediate or

speedier" release or whether a favorable judgement " 'necessarily impl[ies] the invalidity

of [plaintiff's] conviction or sentence," *Heck,* 512 U.S. at 487--which would bar plaintiff's

section 1983 action under the holdings of *Preiser, Heck,* and *Edwards*--or whether said

relief is more akin to the relief sought in *Wilkinson,* 125 S.Ct. at 1248, 2005 WL 516415,

at * 6, and *Wolff, i.e.,* it would not "necessarily imply the invalidity of [plaintiff's]

conviction or sentence," *Heck*, 512 U.S. at 487, or it would not "necessarily spell

speedier release", *id.*--which would not bar plaintiff's section 1983 action--is not a

determination this Court should make at this time under the strictures of 28 U.S.C. §

1915(e) and without the benefit of service of the summons and complaint on the

defendants and a response from them, whether it be by answer or pre-answer motion.

See Fed.R.Civ.P. 12.  Accordingly, the claims raised in the complaint can proceed at

this time.

## ORDER

IT HEREBY IS ORDERED, that plaintiff's request to proceed *in forma pauperis* is

granted;

FURTHER, that the Clerk of the Court is directed to file plaintiff's papers, and to

cause the United States Marshal to serve copies of the Summons, Complaint, and this

Order upon defendant George Pataki, Robert Dennison, and Glenn Goord without

plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by

monetary award in plaintiff's favor;

FURTHER, that pursuant to 42 U.S.C. § 1997e(g)(2), the defendants are

directed to respond to the complaint.

SO ORDERED.

Dated:     JUNE 2          , 2005
           Rochester, New York

_____
                    CHARLES J. SIRAGUSA
                    United States District Judge

6